Christopher G. Beckom, Esq., SBN 306557
Law Offices of Christopher Glenn Beckom
1307 W. 6th Street, Suite 223
Corona, California 92882
cbeckom@beckomlaw.com
Attorney for Plaintiffs,
LUISA PEREZ

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUISA PEREZ, individually, and on behalf of all other similarly situated consumers,<br><br>          Plaintiff,<br>  vs.<br><br>LVNV FUNDING, LLC, a California Limited Liability Company; and CAPITAL ONE, a National Association,<br><br>          Defendants. | **Case No.:**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, LUISA PEREZ (hereinafter "Plaintiff"), on behalf of herself and all other similarly situated consumers, by and through undersigned counsel, hereby alleges against LVNV FUNDING, LLC (hereinafter "LVNV"); and CAPITAL ONE (hereinafter "BANK"), as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant LVNV's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, (hereinafter "FDCPA" or "the Act"), and the

1. Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq.* (hereinafter "the Rosenthal Act" or "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

2. This is also an action for damages arising from Defendant BANK's negligence exercising due care in administering collection activities against their current and past customers.

## JURSIDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

2. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

3. Plaintiff is a natural person, who at all relevant times has resided in Riverside, California, and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

4. Defendant LVNV is a Limited Liability Company doing business in the State of California, with its corporate address as 1057 E. Imperial Hwy, Placentia, California 92870 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

5. Defendant BANK is a National Association doing business in the State of California, with its corporate address as 1680 Capital One Drive, McLean, Virginia 22102.

///

///

**FACTUAL STATEMENT**

6. On a date better known by Defendant BANK, Plaintiff incurred a debt through personal, family, and household purposes.

7. On a date better known by Defendant BANK, Defendant BANK into a contract with Defendant LVNV to provide debt collection services on behalf of Defendant BANK.

8. At the time Defendant BANK entered into a contract with Defendant LVNV, Defendant BANK knew or should have known that Defendant LVNV was engaged in several lawsuits alleging violations of the FDCPA and the RFDCPA.

9. At the time Defendant BANK entered into a contract with Defendant LVNV, Defendant BANK knew or should have known that Defendant LVNV was facing several consumer complaints through the "Better Business Bureau" for alleged violations of the FDCPA and the RFDCPA.

10. Notwithstanding Defendant BANK's knowledge of Defendant LVNV's multiple alleged violations of the FDCPA and the RFDCPA, Defendant BANK failed to conduct any due diligence to determine whether Defendant LVNV was engaging in debt collection activities in a manner that complies with the requirements of the FDPCA and the RFDCPA.

11. On a date better known by Defendant LVNV, Defendant LVNV began attempting to collect on said debt allegedly owed by the Plaintiff.

12. On a date better known by Defendant LVNV, failed to comply with the FDPCA and the RFCPA by honoring Plaintiff's request for validation of the subject debt allegedly owed by the Plaintiff.

13. On a date better known by Defendant LVNV, Defendant LVNV sent a "Collection Letter" to Plaintiff.


14. In the last line of the Collection Letter, in much smaller print, Defendant LVNV states, "The law limits how long a debt can appear on your credit report. Due to the age of this debt, we will not report payment or non-payment of it to a credit bureau."

15. The Collection Letter is misleading, confusing, deceptive, and unfair as it misrepresents the nature, character, and/or legal status of the alleged debt. The Letter did not indicate or inform Plaintiff that the statute of limitations had run on her debt and the resultant legal status of the debt.

16. Nor did the letter inform Plaintiff that a partial payment on the debt would restart the running of the statute of limitations. In fact, had Plaintiff chosen a payment plan option, and advised Defendant LVNV of this in writing, the partial payment would revive the statute of limitations rendering the Plaintiff worse off than if she had rejected the offer.

17. It is the position of the Federal Trade Commission, the Consumer Financial Protection Bureau, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency that when "collecting on a time barred debt a debt collector [Defendant] must inform the consumer [Plaintiff] that (1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive the collector's [Defendant's] ability to sue to collect the balance." *McMahon v. LVNV Funding, LLC*, 774 F.3d 1010, 1015 (7th Cir. 2014); *see White v. First Step Grp. LLC*, 2017 LEXIS 153569 (E.D. Cal. Sept. 19, 2017).

18. The Defendant engaged in misleading, deceptive, and unfair debt collection practices in violation of the FDCPA and the RFDCPA by its Collection Letter to the Plaintiff and failure to validate the alleged debt at the request of the Plaintiff.

## CLASS ACTION ALLEGATIONS

### The Class

19. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

20. Plaintiff seeks certification of the following classes, initially defined as follows:

**FDCPA Class:** **All consumers with a California address that have received collection letters from Defendant LVNV concerning debts for Capital One, N.A. used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

**RFDCPA Class:** **All consumers with a California address that have received collection letters Defendant LVNV concerning debts for Capital One, N.A. used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

21. Excluded from the Classes is Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants.

### Numerosity

22. Upon information and belief, Defendant LVNV has sent collections letters in attempt to collect a debt to hundreds, if not thousands of consumers in California, each of which violates the FDCPA and the RFDCPA. Moreover, upon information and belief, Defendant LVNV has failed to validate alleged debts at the request of hundreds, if not thousands of consumers in California, each of which violates the FDCPA and the RFDCPA. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The letters sent by Defendant LVNV, and received by the Classes, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

24. The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant LVNV's records.

### Common Questions of Law and Fact

25. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact

include, without limitation: (i) whether Defendant LVNV violated various provisions of the FDCPA and the RFDCPA; (ii) whether the Plaintiff and the Classes have been injured by the conduct of Defendant LVNV; (iii) whether the Plaintiff and the Classes have sustained damages and are entitled to restitution as a result of Defendant LVNV's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

### Typicality

26.     The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's Classes defined in this complaint have claims arising out of the Defendant LVNV's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Classes, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

### Protecting the Interests of the Class Members

27.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

28.     Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

29.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

30. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

31. Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

32. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

34. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

35. Absent a class action, the members of the Classes will continue to suffer losses borne from Defendant LVNV's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant LVNV's conduct to proceed and; (b) Defendant LVNV to further enjoy the benefit of its ill-gotten gains.

36. Defendant LVNV has acted, and will act, on grounds generally applicable to both Classes, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

37. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

38. Defendant LVNV's Collection Letter is false, deceptive, and misleading, and violates the below provisions of the FDCPA. Moreover, Defendant LVNV failed to validate an alleged debt at the request of the Plaintiff, in violations of the provisions of the FDCPA.

39. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt;**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

///

///

///

///

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE §§ 1788.17**

42. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

43. Defendant's Collection Letter was false, deceptive and misleading in connection with the collection of a debt. Moreover, Defendant LVNV failed to validate an alleged debt at the request of the Plaintiff, in violations of the provisions of the FDCPA

44. The Rosenthal Act, California Civil Code § 1788.17, requires every debt collector (Defendant LVNV) attempting to collect a consumer debt to comply with the provisions of "Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."

45. Defendant LVNV's Collection Letter violates the FDCPA, 15 U.S.C. §1692e and §1692e(2), and §1692e(10), and thereby also constitutes a violation of the Rosenthal Act, California Civil Code §§ 1788.17, 1788.32, as well as any other applicable provisions.

46. Defendant LVNV's actions were knowing and willful.

47. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

**COUNT III**
**NEGLIGENCE**

48. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

49. Defendant BANK owed Plaintiff a duty of reasonable care to select a debt collection service to service the alleged debt that Plaintiff owed to Defendant BANK in a manner that was in full compliance with the FDCPA and the RFDCPA.

50. Defendant BANK breach that duty of reasonable care owed to Plaintiff by failing to conduct proper due diligence on Defendant LVNV before choosing to enter into a contract with Defendant LVNV to provide debt collection services on Plaintiff's alleged debt.

51. Defendant BANK's failure to conduct proper due diligence before contracting with Defendant LVNV to provide debt collection services was a substantial factor in Plaintiff's harm suffered as a result of Defendant LVNV's multiple violations of the FDCPA and the RFDCPA.

52. As a direct and proximate result of Defendant BANK's failure to conduct proper due diligence before contracting with Defendant LVNV to provide debt collection services, Plaintiff has suffered harm and will continue to suffer harm as a result of being subject to violations of the FDCPA and the RFDCPA in an amount to be proven at trial.

53. Moreover, Defendant BANK's actions in this matter show actual malice in that Defendant BANK has continually, in a manner that is wanton and grossly negligent, contracted with Defendant LVNV to provide debt collections services, notwithstanding Defendant BANK's knowledge that Defendant LVNV conducts debt collection practices in a manner that is non-compliant with the FDCPA and the RFDCPA.

WHEREFORE, Plaintiff, LUISA PEREZ, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A. Certify the classes described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

    B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

C. Enter judgment against Defendant BANK for compensatory damages and punitive damages resulting from Defendant BANK's negligence in contracting with Defendant LVNV to provide collection services on Defendant BANK's behalf;

D. Enter judgment for injunctive relief stopping Defendant LVNV from using letters similar to the subject manager of this action;

E. Award costs and reasonable attorneys' fees;

F. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

40. Plaintiff demands a jury trial on all issues so triable.

Dated this 11th day of June, 2018.

/s/ Christopher G. Beckom

Christopher G. Beckom, Esq., SBN 306557
Law Offices of Christopher Glenn Beckom
1307 W. 6th Street, Suite 223
Corona, California 92882
cbeckom@beckomlaw.com
Attorney for Plaintiff